UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Wilson Earl Love,<br><br>    Plaintiff,<br><br>v.<br><br>The State of Nevada,<br><br>    Defendant. | Case No. 2:23-cv-00484-APG-DJA<br><br>**Order** |

  Before the Court are three motions filed by pro-se plaintiff Wilson Earl Love. (ECF Nos. 12, 16, 17). Love's first motion is titled a "motion to further proceed" and appears to ask the Court to move forward with his case. (ECF No. 12). However, because Plaintiff has brought this case, it is his responsibility to move it forward by serving[1] Defendant. The Court thus denies this motion. Plaintiff's second motion is titled "motion for relief sought" and appears to outline the damages Plaintiff seeks through his lawsuit. (ECF No. 16). Because the motion appears to simply inform the Court of Plaintiff's requested damages, rather than seeking specific relief, the Court denies the motion.

  Plaintiff's third motion is titled "motion to dismiss and strike" and appears to voluntarily dismiss Plaintiff's claims brought under the "Federal Kidnapping Act."[2] (ECF No. 17). Under Federal Rule of Civil Procedure 41(a)(1), a plaintiff may voluntarily dismiss some or all of his claims without a court order by filing a notice of dismissal before the other party serves either an answer or motion for summary judgment. Fed. R. Civ. P. 41(a)(1); *see Romoland Sch. Dist. v.*

---

[1] Service of summons is governed by Federal Rule of Civil Procedure 4.

[2] Plaintiff appears to reference 18 U.S.C. § 1201, the federal criminal statute prohibiting kidnapping. The Court notes that private plaintiffs cannot sue under criminal statutes. *See Leonard-Hayselden v. San Diego Police Department*, No. 3:23-cv-1298-JO-BLM, 2023 WL 5109535, at \*1 (S.D. Cal. Aug 9, 2023) (addressing 18 U.S.C. § 1201).

*Inland Empire Energy Ctr., LLC*, 548 F.3d 738, 748 (9th Cir. 2008).  Such dismissal is without prejudice.  *See* Fed. R. Civ. P. 41(a)(1)(B).  The Court liberally construes Plaintiff's motion as a notice of dismissal under Federal Rule of Civil Procedure 41(a)(1).  The Court also notes that Plaintiff has not filed proof of service on Defendant and no party has answered or otherwise appeared.  Because the Court construes Plaintiff's motion as a notice under Rule 41(a)(1) and because Plaintiff need not move for a Court order to dismiss these claims under that rule, the Court denies his motion as moot.

**IT IS THEREFORE ORDERED** that Plaintiff's motion to further proceed (ECF No. 12) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for relief sought (ECF No. 16) is **denied.**

**IT IS FURTHER ORDERED** that Plaintiff's motion to dismiss and strike (ECF No. 17) is **denied.**

DATED: September 15, 2023.

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE