1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

Wilson Earl Love,

    Plaintiff,

 v.

The State of Nevada,

    Defendant.

Case No. 2:23-cv-00484-APG-DJA

**Order**

  Before the Court is Plaintiff's motion to request service (ECF No. 20) and motion to amend his complaint (ECF No. 22). Because it is Plaintiff's responsibility to serve Defendants, the Court denies Plaintiff's motion to request service. Because Plaintiff's proposed amendment would be futile, the Court denies the motion to amend without prejudice.

**I. Discussion.**

  ***A. Plaintiff's motion to request service.***

  Plaintiff's motion to request service asks that the Court serve the Defendants. However, it is Plaintiff's responsibility, not the Court's, to serve the Defendants. Service of summons is governed by Federal Rule of Civil Procedure 4. The Court thus denies Plaintiff's motion to request service.

  ***B. Plaintiff's motion to amend his complaint.***

  Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "The court considers five factors [under Rule 15] in assessing the propriety of leave to amend—bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011).

  Plaintiff's amended complaint alleges that, on March 4th, 1997, the State of Nevada "filed the Judgment of Conviction (Jury Trial) in District Dept. #16, C#136024," "without cause" and

thus violated his Fourth and Fourteenth Amendment rights by falsely imprisoning him.  Plaintiff also appears to allege a claim for malicious prosecution.  Plaintiff's amendment is futile for two reasons: (1) the State of Nevada's Eleventh Amendment immunity; and (2) the statute of limitations.

### 1.   Eleventh Amendment immunity.

Plaintiff's claims against the State of Nevada fail because "[t]he Eleventh Amendment prohibits lawsuits against a state or its agencies in federal court unless the state consents to waiver of its immunity." *Halverson v. Nevada Commission on Judicial Discipline*, No. 2:08-cv-1006-RCJ-LRL, 2009 WL 10708909, at *3 (D. Nev. March 26, 2009) (citing *Alabama v. Pugh*, 438 U.S. 781, 781-82 (1978)).  Even though Plaintiff's claims arise under 42 U.S.C. § 1983, which provides a private cause of action for violations of the U.S. Constitution, that does not override the State's Eleventh Amendment immunity.  *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994) (affirming that it is 42 U.S.C. § 1983 that provides a federal cause of action for the deprivation of rights secured by the United States Constitution); *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 617-18 (1979) (explaining that 42 U.S.C. § 1983 was enacted to create a private cause of action for violations of the United States Constitution); *Halverson v. Nevada Commission on Judicial Discipline*, No. 2:08-cv-1006-RCJ-LRL, 2009 WL 10708909, at *3 (D. Nev. March 26, 2009) (explaining that a § 1983 claim does not override Nevada's Eleventh Amendment immunity).

### 2.   The statute of limitations.

Plaintiff's claims are likely barred by the statute of limitations.  "Section 1983 does not contain its own statute of limitations; instead, federal courts borrow from the statute of limitations applicable to personal injury claims in the forum state." *Love v. Public Defender's Office*, No. 2:21-cv-01175-JAD-VCF, 2021 WL 4941993, at *2 (D. Nev. Oct. 22, 2021) (citing *Wilson v. Garcia*, 471 U.S. 261, 279-280 (1985)).  "In Nevada, the statute of limitations for personal injury claims, and therefore § 1983 actions, is two years." *Id.* (citing Nev. Rev. Stat. § 11.190(4)(e)). "A statute of limitations begins to run on the date on which the plaintiff's claim accrues." *Pouncil v. Tilton*, 704 F.3d 568, 573 (9th Cir. 2012) (citation omitted). "[T]he accrual date of a

§ 1983 cause of action is a question of federal law[.]" *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Accrual occurs when the plaintiff has a "complete and present cause of action." *Bay Area Laundry and Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal.*, 522 U.S. 192, 201 (1997).

In the context of a false imprisonment claim brought under section 1983, the Supreme Court held that the statute of limitations begins to run "when the alleged false imprisonment ends." *Ritter v. Marshowski*, No. 3:12-cv-00194-LRH-WGC, 2015 WL 795007, at *4 (D. Nev. Feb. 25, 2015) (citing *Wallace*, 549 U.S. at 389). The Court stated that false imprisonment consists of "detention *without legal process* " and as such "ends once the victim becomes held *pursuant to such process*—when, for example, he is bound over by a magistrate or arraigned on charges." *Id.* (citations omitted) (emphasis original). "Thereafter, unlawful detention forms part of the damages for the 'entirely distinct' tort of malicious prosecution, which remedies detention accompanied, not by absence of legal process, but by *wrongful institution* of legal process." *Id.* (quoting *Wallace*, 549 U.S. at 390) (citations omitted) (emphasis original). In other words: damages for a false imprisonment claim can be sought from the "time of detention up until the issuance of process or arraignment, but not more. *Id.* From that point on, any damages recoverable must be based on a malicious prosecution claim and on the wrongful use of judicial process rather than detention itself." *Id.* Malicious prosecution claims run from the time the underlying criminal proceedings have resolved in the plaintiff's favor. *McDonough v. Smith*, 139 S.Ct. 2149, 2156 (2019).

Here, because false imprisonment is detention without legal process, it is unclear whether Plaintiff has a claim for false imprisonment. Plaintiff states that he was convicted in 1997, meaning that he received some sort of legal process. And Plaintiff does not allege whether he was held at any time before that conviction without legal process. And if Plaintiff were to allege that he was held without legal process before his 1997 conviction, that false imprisonment would be barred by the two-year statute of limitations. Plaintiff's malicious prosecution claim also fails because Plaintiff has not alleged if or when the criminal charges were dismissed or resolved in his

favor.  Without this date and this factual basis, the Court cannot find that Plaintiff has alleged a colorable claim for malicious prosecution.

**IT IS THEREFORE ORDERED** that Plaintiff's motion to serve Defendants (ECF No. 20) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's motion to amend his complaint (ECF No. 22) is **denied without prejudice and with leave to amend.**

DATED: October 11, 2023

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE