# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| Wilson Earl Love, | Case No. 2:23-cv-00484-APG-DJA |
|---|---|
| Plaintiff, | **Order** |
| v. | **and** |
| The State of Nevada, | **Report and Recommendation** |
| Defendant. | |

Before the Court is Plaintiff's motion to amend his complaint. (ECF No. 28). Because Plaintiff's proposed amendment would be futile and because Plaintiff has not corrected the deficiencies in his proposed amendment through previous motions to amend, the Court recommends denying Plaintiff's motion to amend his complaint. Because Plaintiff has not served the State of Nevada, the Court orders Plaintiff to show cause why his case should not be dismissed under Federal Rule of Civil Procedure 4(m).

**I.  Discussion.**

    ***A.  The Court recommends denying Plaintiff's motion to amend.***

Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "The court considers five factors [under Rule 15] in assessing the propriety of leave to amend—bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011). The standard for considering whether amendment would be futile is the same standard used when considering the sufficiency of a pleading challenged under Rule 12(b)(6). *See Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) *overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

Plaintiff's instant proposed amended complaint is futile. In his proposed amendment, Plaintiff alleges that the State of Nevada violated his Fourth, Fourteenth, and Sixth Amendment rights. (ECF No. 28-1). He asserts that on May 30, 1996, the State filed an information against him in the Eighth Judicial District Court to be heard on June 4th, 1996. (*Id.*). On June 4th, 1996, no warrants were issued and the case was dismissed for "lack of cause." (*Id.*). Plaintiff then alleges that the State maliciously prosecuted him by proceeding to trial "without cause."[1] (*Id.*). Plaintiff asserts that this was in violation of his Sixth Amendment right to counsel. (*Id.*) (emphasis and punctuation in original). Plaintiff brings his claims under 42 U.S.C. § 1983, which provides a federal cause of action for the deprivation of rights secured by the United States Constitution. *See Lividas v. Bradshaw*, 512 U.S. 107, 132 (1994); *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 617-18 (1979).

The Court previously denied two of Plaintiff's motions to amend his complaint, finding his proposed amendment futile because of the State of Nevada's Eleventh Amendment immunity and the statute of limitations. (ECF Nos. 23, 27). In denying his most recent motion to amend, the Court explained:

> [Plaintiff] has not named any new defendants who are not immune or explained why the Eleventh Amendment does not bar his claims against the State of Nevada. And Plaintiff has not explained why the two-year statute of limitations would not bar his claims, when the only dates he provides regarding his claims are 1996 and 1997. The Court will give Plaintiff one final chance to amend his complaint. Any amendment must address the Eleventh Amendment immunity and the statute of limitations.

(ECF No. 27 at 2).

In his instant proposed amended complaint, Plaintiff addresses the statute of limitations and Eleventh Amendment issues in a single sentence stating, "[t]he 11th; Amend., of the U.S. Const.; and, The State's statute of limitation, apply to the 14th; Amend., due process clause; and

---

[1] It is unclear if Plaintiff is alleging that the State prosecuted him in a separate case than the one in which no warrants issued.

not, The IV, <u>Subject</u>, which is a wrongful use of Jud. Proc., Id."  (ECF No. 28-1 at 1) (emphasis, punctuation, and capitalization in original).  However, Plaintiff does not explain why Nevada's two-year statute of limitations does not apply to his claims.  *See Love v. Public Defender's Office*, No. 2:21-cv-01175-JAD-VCF, 2021 WL 4941993, at *2 (D. Nev. Oct. 22, 2021) ("Section 1983 does not contain its own statute of limitations; instead, federal courts borrow from the statute of limitations applicable to personal injury claims in the forum state…In Nevada, the statute of limitations for personal injury claims, and therefore § 1983 claims, is two years.").  Plaintiff has not explained why the statute of limitations should be tolled or whether it accrued at a later date.  Plaintiff also does not name any new defendants or explain why Eleventh Amendment immunity does not apply to protect the State against his Sixth Amendment claim.  *See Halverson v. Nevada Commission on Judicial Discipline*, No. 2:08-cv-01106-RCJ-LRL, 2009 WL 10708909, at *3 (D. Nev. March 26, 2009) (explaining that a § 1983 claim does not override Nevada's Eleventh Amendment immunity).

Without these explanations, Plaintiff's claims fail under the applicable statute of limitations and under the Eleventh Amendment.  Plaintiff's proposed amended complaint would thus be futile.  Plaintiff has also attempted to amend his complaint on two other occasions, both of which proposed amendments failed for the same reason the instant one does.  (ECF Nos. 23, 27).  The Court thus recommends denying Plaintiff's motion to amend.

   **B.** ***Plaintiff must show cause why his case should not be dismissed.***

The Court also notes that Plaintiff has not served the State.  And the State has not otherwise appeared in this case.  Under Federal Rule of Civil Procedure 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  Plaintiff initially filed a complaint without a filing fee or application to proceed without paying the filing fee[2] on April 3, 2023.  (ECF No. 1).  He later filed a complaint on July 25, 2023 after paying the filing fee.  (ECF No. 11).  However, to

---

[2] Proceeding without paying the filing fee is also referred to as proceeding *in forma pauperis*.

date, Plaintiff has not filed anything on the docket indicating that he has served the State. The Court thus orders Plaintiff to show cause why his case should not be dismissed for failure to serve the State within the ninety-day timeframe under Federal Rule of Civil Procedure 4(m).

## ORDER

**IT IS THEREFORE ORDERED** that Plaintiff shall show cause by filing a written explanation on or before **February 2, 2024** why his case should not be dismissed under Federal Rule of Civil Procedure 4(m). **Failure to comply with this order will result in a recommendation to the district judge that the case be dismissed.**

## RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Plaintiff's motion to amend his complaint (ECF No. 28) be **denied.**

## NOTICE

Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days after service of this Notice. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985) *reh'g denied*, 474 U.S. 1111 (1986). The Ninth Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED: January 3, 2024

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE